UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE

---

**Virginia Karul**
1908 3rd Avenue
Council Bluffs, IA 51501

        Plaintiff,

  vs.

Case No.    13-cv-900

**S.C. JOHNSON & SON, INC.**
**LONG TERM DISABILITY PLAN**
1525 Howe Street
Racine, WI 53403

and

**METROPOLITAN LIFE INSURANCE COMPANY**
Registered Agent:
CT Corporation System
8040 Excelsior Drive, Suite 200
Madison, WI 53717

        Defendants.

---

## COMPLAINT

---

The Plaintiff, Virginia Karul, by her attorneys, Hawks Quindel, S.C., for her complaint against the above-named Defendants, hereby states as follows:

### PARTIES

1.    Plaintiff is an adult resident of the State of Iowa and currently resides in Council Bluffs, Iowa. At times relevant to this Complaint, she was employed and lived in Racine, Wisconsin.

2. Defendant, S.C. Johnson & Son, Inc. Long Term Disability Plan ("the Plan"), on information and belief, is an employee welfare benefit plan subject to the Employee Retirement Income Security Act of 1974 ("ERISA") as amended.

3. Defendant, Metropolitan Life Insurance Company ("Insurance Company"), on information and belief, is a corporation organized under the laws of the state of Florida and licensed to do business in Wisconsin.

## JURISDICTION & VENUE

4. As described more fully below, this is an action by a participant in an employee welfare benefit plan governed by ERISA to enforce the provisions of the Plan pursuant to ERISA §502(a)(3).

5. Jurisdiction over this action is conferred upon this court because the claims herein arise under ERISA.

6. Venue is proper in the Eastern District of Wisconsin pursuant to ERISA § 502(e)(2) and 28 U.S.C. § 1391(b), because a substantial part of the events and omissions giving rise to these claims occurred in this district and, because, in substantial part, the breaches asserted herein took place in this district.

7. Plaintiff has exhausted her administrative remedies as a condition precedent to filing this action.

## FACTS

8. Plaintiff was employed by S.C. Johnson & Son, Inc. ("Employer"). She worked for Employer until she could longer perform the duties of her occupation due

to her disabling medical condition. She remains unable to perform that occupation or any other occupation.

9. During the course of Plaintiff's employment with Employer, Plaintiff became eligible for certain employee benefits, including the long-term disability insurance ("LTDI") benefits provided by the Plan.

10. The Plan purports to provide financial protection for eligible employees who become disabled, by paying said disabled employees up to 75% of their pre-disability monthly earnings. In Plaintiff's case, her LTDI benefits are worth $5,904.24 per month.

11. The Plan defines "Disabled" as follows:

> After the first twenty-four (24) months that a Participant is absent from work due to Injury or Disease, the Participant will be considered unable to work if he or she is unable, solely because of such Injury or Disease, to work at any Reasonable Occupation.
>
> Reasonable Occupation means any gainful activity for which an Eligible Employee is fitted by education, training or experience, or which the Eligible Employee could reasonably become fitted, and which pays the Eligible Employee at least sixty percent (60%) of the Eligible Employee's Monthly Rate of Basic Earnings.

12. From November 25, 2009 until November 24, 2011, Defendants approved Plaintiff's claim for LTDI benefits.

13. Defendants have denied Plaintiff's LTDI benefits claim on November 24, 2011.

14. Plaintiff timely appealed Defendants' denial of Plaintiff's benefits claim.

15. Plaintiff submitted complete medical documentation in support of her disability as part of the appeal.

16. Plaintiff submitted all information requested by the Insurance Company.

17. Defendants failed to consider the issues raised in Plaintiff's administrative appeals.

18. Defendants ignored clear medical evidence of Plaintiff's medical conditions and disability.

19. Defendants did not afford Plaintiff a reasonable opportunity for a "full and fair review" of Plaintiff's claim.

20. Defendants failed to notify Plaintiff of the additional material necessary in order for Plaintiff to perfect her claim and an explanation of why that material was necessary.

21. Defendants failed to adequately explain why they rejected specific evidence in Plaintiff's file.

22. Defendants failed to engage in a meaningful dialogue with the Plaintiff.

23. Defendants failed to adequately explain their reasons for denying Plaintiff benefits.

24. Defendants conducted a selective review of Plaintiff's medical records.

25. Since November 2010, the Social Security Administration approved Plaintiff for Social Security-Disability Insurance benefits in the amount of $2,254.00 per month. As such, her net LTDI benefit is worth $3,650.24 per month.

26. The Social Security Administration determined that Plaintiff was disabled based on the same medical conditions that form the basis of her LTDI benefits claim.

27. On November 17, 2011, Insurance Company sent Plaintiff an overpayment statement based on Plaintiff's Social Security Disability Insurance benefit award.

28. At all times material to this complaint, Plaintiff has remained disabled as defined by the Plan.

29. At all times material to this case, the Plan has remained in full force and effect.

30. Defendants' denial of LTDI benefits caused Plaintiff to suffer the loss of benefits and to incur expenses.

### FIRST CAUSE OF ACTION: DENIAL OF BENEFITS IN VIOLATION OF SECTION 502(a)(1)(B) OF ERISA

31. The preceding paragraphs are reincorporated by reference as though set forth here in full.

32. Since November 25, 2009, Plaintiff has been disabled, as that term is defined by the Plan.

33. Pursuant to *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), the proper standard of review is *de novo* as the Plan has not granted the administrator discretionary authority to determine eligibility for benefits or to construe the Plan terms.

34. Defendants wrongfully denied LTDI benefits due to Plaintiff as of November 25, 2011.

35. Alternatively, if the arbitrary and capricious standard of review applies, then Defendants arbitrarily and capriciously denied Plaintiff benefits

36. Defendants have interpreted and applied the terms and conditions of the Plan in a manner that is inconsistent with the plain language contained therein.

37. Upon information and belief, Defendants have inconsistently interpreted the terms and conditions of the Plan from one case to the next.

38. As both the payer of claims and the adjudicator of claim eligibility, Insurance Company has an inherent conflict of interest.

39. The Plan provides for the offsetting of Plaintiff's SSDI benefits against Plaintiff's LTDI benefits. As such, Defendants have relied on Plaintiff's SSDI award in instances when it benefited Defendants but have unreasonably ignored Plaintiff's SSDI disability determination in denying Plaintiff's claim for LTDI benefits.

40. Defendants' denial of Plaintiff's LTDI benefits was "downright unreasonable."

41. For these and other reasons, Defendants acted in violation of Section 502(a)(1)(B) of ERISA, when it wrongfully denied Plaintiff's claim for LTDI benefits.

**WHEREFORE** the Plaintiff, Virginia Karul, demands judgment from the Defendants for the following:

A. Payment of all retroactive LTDI benefits owed to Plaintiff under the terms and conditions of the Plan;

B. A declaration of Plaintiff's continued eligibility for all LTDI benefits under the Plan;

C. Prejudgment interest;

D. Reasonable attorney's fees and costs related to the action; and

E. Such other and further relief that the Court deems just and equitable.

Dated: August 8, 2013

**HAWKS QUINDEL, S.C.**

By: */s/ William E. Parsons*
William E. Parsons, State Bar No. 1048594
Email: wparsons@hq-law.com
Danielle M. Schroder, State Bar No. 1079870
Email: dschroder@hq-law.com
222 West Washington Avenue, Suite 450
Post Office Box 2155
Madison, Wisconsin 53701-2155
Telephone: 608/257-0040
Facsimile: 608/256-0236

Attorneys for Plaintiff, Virginia Karul